UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| ELEANOR J. CROUCH, | ) | CASE NO. C05-1598-RSL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | RE: SOCIAL SECURITY |
| JO ANNE B. BARNHART, Commissioner | ) | DISABILITY APPEAL |
| of Social Security | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Plaintiff Eleanor J. Crouch proceeds through counsel in her appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner).  The Commissioner denied plaintiff's application for Disability Insurance (DI) benefits after a hearing before an Administrative Law Judge (ALJ).  Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, it is recommended that this matter be AFFIRMED.

## **FACTS AND PROCEDURAL HISTORY**

Plaintiff was born on XXXX, 1941.[1]  She has an 11th grade education.  Plaintiff previously

_____

[1] Plaintiff's date of birth is redacted back to the year of birth in accordance with the General Order of the Court regarding Public Access to Electronic Case Files, pursuant to the official policy on privacy adopted by the Judicial Conference of the United States.

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE -1

01 worked as a forklift driver.  She alleges that she became disabled on December 31, 1991 due to

02 a back injury and muscle spasms.  Her date last insured is December 31, 1996, so she must

03 establish entitlement to DI benefits on or prior to this date.  Her application was denied initially

04 and on reconsideration, and she timely requested a hearing.

05        An ALJ held a hearing on September 9, 2004, taking testimony from plaintiff and a

06 vocational expert. (AR 206-29.)  On October 1, 2004, the ALJ issued a decision finding plaintiff

07 not disabled. (AR 16-19.)

08        Plaintiff timely appealed.  On August 1, 2005, the Appeals Council denied her request for

09 review after considering additional evidence.  (AR 5-9.)  Plaintiff appealed this final decision of

10 the Commissioner to this Court.

11 **JURISDICTION**

12        The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

13 **DISCUSSION**

14        The Commissioner follows a five-step sequential evaluation process for determining

15 whether a claimant is disabled.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2000).  At step one, it must

16 be determined whether the claimant is gainfully employed. At step two, it must be determined

17 whether a claimant suffers from a severe impairment that has lasted or is expected to last for

18 twelve continuous months.   Step three asks whether a claimant's impairments meet or equal a

19 listed impairment.  If a claimant's impairments do not meet or equal a listing, the Commissioner

20 must assess RFC and determine at step four whether the claimant has demonstrated an inability

21 to perform past relevant work.  If a claimant demonstrates an inability to perform past relevant

22 work, the burden shifts to the Commissioner to demonstrate at step five that the claimant retains

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE -2

01 the capacity to make an adjustment to work that exists in significant levels in the national

02 economy.  In this case, the ALJ did not make specific step one, three, four or five findings, having

03 found that plaintiff did not have any medically determinable impairments that lasted at least 12

04 continuous months prior to her date last insured.

05       This Court's review of the ALJ's decision is limited to whether the decision is in

06 accordance with the law and the findings supported by substantial evidence in the record as a

07 whole.  *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993).  Substantial evidence means more

08 than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable

09 mind might accept as adequate to support a conclusion.  *Magallanes v. Bowen*, 881 F.2d 747, 750

10 (9th Cir. 1989).  If there is more than one rational interpretation, one of which supports the ALJ's

11 decision, the Court must uphold that decision.  *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir.

12 2002).

13       Plaintiff argues that the ALJ erred in not accepting her testimony that her pain limits her

14 physical ability to do basic work activities.  Plaintiff suggests this amounted to an adverse

15 credibility finding without making specific findings.  Plaintiff further argues that substantial

16 evidence does not support the ALJ's determination that she did not have any severe impairments.

17 She asks that the Court remand this matter for further administrative proceedings.  The

18 Commissioner argues that the ALJ's finding that plaintiff did not meet the threshold requirement

19 of severity was supported by substantial evidence and should be affirmed.  For the reasons

20 described below, the undersigned recommends that the decision be affirmed.

21 <u>Step Two</u>

22       A social security claimant bears the burden of proving she is disabled.  *Edlund v.*

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE -3

01 | *Massanari*, 253 F.3d 1152, 1157 (9th Cir. 2001).  At step two, she must make a threshold

02 | showing that her medically determinable impairments significantly limit her ability to perform basic

03 | work activities.  *See Bowen v. Yuckert*, 482 U.S. 137, 145 (1987) and 20 C.F.R. § 416.920(c).

04 | "Basic work activities" refers to "the abilities and aptitudes necessary to do most jobs." 20 C.F.R.

05 | § 416.921(b).  An impairment must result from "anatomical, physiological, or psychological

06 | abnormalities which are demonstrable by medically acceptable clinical and  laboratory diagnostic

07 | techniques" and must be expected to last for a continuous period of not less than 12 months.  42

08 | U.S.C. §§ 423(d)(1)(A), (d)(3). "An impairment or combination of impairments can be found 'not

09 | severe' only if the evidence establishes a slight abnormality that has 'no more than a minimal effect

10 | on an individual's ability to work.'" *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996)

11 | (quoting Social Security Ruling (SSR) 85-28).  "[T]he step two inquiry is a de minimis screening

12 | device to dispose of groundless claims." *Id.* (citing *Bowen*, 482 U.S. at 153-54).  An ALJ is also

13 | required to consider the "combined effect" of an individual's impairments in considering severity.

14 | *Id.*

15 | In this case, the ALJ found that, as of plaintiff's date last insured (December 31, 1996),

16 | she "did not have any medically determinable impairment that lasted at least 12 continuous

17 | months." (AR 18.)  In reaching this conclusion, the ALJ discussed the medical evidence:

18 | On September 23, 1992 the claimant complained of "knee cracking".  X-rays of the
claimant's knees were normal.  The claimant also complained of epigastric distress.
19 | An ultrasound of the claimant's abdomen was normal.

20 | On December 2, 1996 the claimant presented to a hospital emergency room,
complaining of mid and low back pain for the last five years.  There was no trauma
21 | associated with the onset of the pain.  She did not remember doing anything unusual
or doing any heavy lifting.  The claimant complained of severe painful back spasms
22 | that day.  There was no pain radiation and no bowel or bladder dysfunction.

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE -4

01  Thoracolumbar spinal x-rays were normal. There was perhaps minor diffuse
    osteopenia but otherwise there was a satisfactory appearance to the structure of the
02  vertebral bodies. There was a minor degree of degenerative disc change and facet
    degenerative joint disease mainly in lower two disc levels. There was some slight
03  aortic calcification noted on the lateral. The emergency room physician stated that
    these x-rays showed no acute abnormalities. The claimant was diagnosed with spinal
04  sprain with acute muscular spasm.

05  On December 5, 1996 the claimant's treating physician noted that the claimant
    returned to see him for the first time in nearly two years. The doctor noted that the
06  claimant had been seen in an emergency room three days before for a pulled right
    flank muscle and x-rays were negative. The claimant reported that she had been
07  taking ibuprofen, methocarbamol and hydrocodone with moderate pain relief.

08  (AR 17 (citations to record omitted.))

09       In challenging the ALJ's finding that she did not meet the threshold level of severity,

10  plaintiff raises several arguments. First, plaintiff argues that the decision does not set forth legally

11  sufficient reasons for rejecting her testimony. This argument is not well taken. In finding that

12  plaintiff failed to establish a medically determinable impairment that lasted at least 12 continuous

13  months, the ALJ did not need to reach the issue of the credibility of plaintiff's testimony about her

14  limitations. "No symptom or combination of symptoms can be the basis for a finding of disability,

15  no matter how genuine the individual's complaints may appear to be, unless there are medical

16  signs and laboratory findings demonstrating the existence of a medically determinable physical or

17  mental impairment(s) that could reasonably be expected to produce the symptoms." SSR 96-7p;

18  *accord Smolen*, 80 F.3d 1273. The credibility of the individual's testimony about  symptoms is

19  considered only when the existence of such an impairment has been established. In other words,

20  "medical conditions alone may justify a finding that the individual is not under a disability."

21  *Bowen*, 482 U.S. at 148.

22       Plaintiff correctly asserts that an ALJ should consider the "combined effects" of an

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE -5

01   individual's impairments when assessing severity. However, this principle does not inure to her

02   benefit without a showing that such medically determinable impairments actually exist. Here, the

03   only evidence of an impairing condition offered by plaintiff is mere conjecture. In her brief,

04   plaintiff argues that her pain complaints "<u>could have been</u> the result of her obesity, osteopenia,

05   degenerative disc change and degenerative joint disease," and that the T6 compression fracture

06   and osteoporosis "<u>could have</u> existed in 1996 and . . . <u>could have</u> been the primary cause" of her

07   pain. (Dkt. 12 at 10 (emphasis added.)) It is plaintiff's burden to establish the existence of an

08   impairment. "It is not unreasonable to require the claimant, who is in a better position to provide

09   information about his own medical condition, to do so." *Bowen*, 482 U.S. at 146. Therefore,

10   plaintiff's contention that the ALJ failed to consider the combined effects of her obesity and back

11   impairments, when the record contains no evidence that such medically determinable <u>impairments</u>

12   (as opposed to a mere "diagnosis") exist, is unavailing.

13        Plaintiff additionally cites SSR 83-20 and *Armstrong v. Commissioner*, 160 F.3d 587 (9th

14   Cir. 1998), in arguing that the ALJ should have summoned a medical expert to establish an onset

15   date of disability, and should have obtained certain chiropractor reports.[2] Later, in her reply brief,

16   plaintiff adds that the ALJ should have summoned a medical expert to address the significance of

17

18

19

---

20        [2] The reference in the record to the existence of chiropractic records is elusive at best. In her disability application and in her field office interviews, plaintiff made no reference to having

21   received treatment by a chiropractor. (AR 73-101.) During the hearing, plaintiff made an off-hand comment: "...and I even went to a chiropractor." (AR 222.) Furthermore, as the

22   Commissioner points out, a chiropractor would not be an "acceptable medical source" who could provide evidence to establish an impairment. 20 C.F.R. § 404.1513(a).

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE -6

01  certain x-ray findings, citing the ALJ's duty to "fully and fairly" develop the record.    [3]    The

02  Commissioner correctly responds that the ALJ's duty to develop the record "is triggered only

03  when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation

04  of the evidence." *Mayes v. Massanari*, 276 F.3d 453, 459-460 (9th Cir. 2001).  Furthermore, the

05  Commissioner argues that the authority cited by plaintiff is not controlling, in that an ALJ is only

06  required to call a medical expert to assist in determining the onset date of disability when the

07  claimant has first been found to be disabled and the record is ambiguous regarding the date of

08  disability.  Because there is no evidence the record in this case was inadequate or that the evidence

09  was ambiguous, plaintiff has not demonstrated error in the ALJ's failure to utilize the services of

10  a medical expert or to otherwise further develop the record.

11                                      **CONCLUSION**

12          For the reasons described above, this matter should be AFFIRMED.  A proposed order

13  accompanies this Report and Recommendation.

14          DATED this <u>17th</u> day of May, 2006.

15

16                                      Mary Alice Theiler
                                        United States Magistrate Judge

17

18

19

20  _____

21          [3] It should be noted that, although addressed herein, the Court need not respond to
    arguments first raised in reply.  *See*, *e.g.*, *Officers for Justice v. Civil Serv. Comm'n* , 979 F.2d
22  721, 725-26 (9th Cir. 1992) (declining to address arguments raised for the first time in a reply
    brief).

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE -7